# EXHIBIT A

State Court Filings

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF LEXINGTON<br><br>Sharen E. Robinson and Douglas R. Robinson,<br>　　　　　　　　　　　Plaintiffs,<br>　　v.<br><br>Dennis Lee Hood,<br>　　　　　　　　　　　Defendant. | IN THE COURT OF COMMON PLEAS<br>ELEVENTH JUDICIAL CIRCUIT<br><br>Civil Action No: 2019-CP-32-_____<br><br><br>**SUMMONS** |

**TO:　THE DEFENDANT ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your answer on the subscribers at their offices at 1901 Main Street, Suite 1200, Columbia, South Carolina 29201, within thirty (30) days after the service hereof, exclusive of the day of service; and if you fail to answer the Complaint within the time aforesaid, Plaintiff will apply to the court for judgment by default for all of the relief demanded in the Complaint.

　　　　　　　　　　　　　　　　　　s/ Shaun C. Blake
　　　　　　　　　　　　　　　　　　Shaun C. Blake (SC Bar # 76349)
　　　　　　　　　　　　　　　　　　Jenkins M. Mann (SC Bar # 74894)
　　　　　　　　　　　　　　　　　　**ROGERS LEWIS JACKSON MANN & QUINN, LLC**
　　　　　　　　　　　　　　　　　　1901 Main St, Suite 1200
　　　　　　　　　　　　　　　　　　Columbia, SC 29201
　　　　　　　　　　　　　　　　　　Tel: (803) 256-1268
　　　　　　　　　　　　　　　　　　Fax: (803) 252-3653
　　　　　　　　　　　　　　　　　　Email:　sblake@rogerslewis.com
　　　　　　　　　　　　　　　　　　　　　　　jmann@rogerslewis.com

December 9, 2019　　　　　　　　　**ATTORNEYS FOR PLAINTIFFS**

1

ELECTRONICALLY FILED - 2019 Dec 10 11:07 AM - LEXINGTON - COMMON PLEAS - CASE#2019CP3204908

| STATE OF SOUTH CAROLINA<br><br>COUNTY OF LEXINGTON<br><br>Sharen E. Robinson and Douglas R. Robinson,<br>　　　　　　　　　　　Plaintiffs,<br>　　　　v.<br><br>Dennis Lee Hood,<br>　　　　　　　　　　　Defendant. | IN THE COURT OF COMMON PLEAS<br>ELEVENTH JUDICIAL CIRCUIT<br><br>Civil Action No: 2019-CP-32-_____<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |
|---|---|

Plaintiffs, hereby complaining of Defendant ("Hood"), allege as follows:

### JURISDICTION AND VENUE

1.　　Plaintiffs are citizens and residents of Lexington County, South Carolina.

2.　　Hood is, upon information and belief, a seventy-two-year-old male citizen of North Carolina and a resident of both North Carolina and South Carolina, maintaining residence(s) within the Palmetto Bluff community of Beaufort County, South Carolina and in Charlotte, North Carolina. As such, South Carolina has personal jurisdiction over Hood under S.C. Code Ann. §§ 36-2-802 & 36-2-803. A true an accurate depiction of Hood's visage appears below:



2

3. This court has subject-matter jurisdiction over the claims in this lawsuit under Article V § 11 of the South Carolina Constitution and South Carolina Code § 14-5-350.

4. Venue is proper in this circuit under South Carolina Code § 15-7-30 as the most substantial parts of the criminal and tortious acts committed by Hood, giving rise to the causes of action herein, occurred in Lexington County, South Carolina.

### HOOD'S BURGLARY OF THE ROBINSONS' HOME

5. Douglas Robinson ("Doug") is employed as a criminalist by South Carolina Law Enforcement Division. Sharen Robinson ("Sharen") is a human resource/recruiting employee of a international company of restaurants with over 1,450 locations ("Employer").

6. Hood used to be a Regional Joint Venture Partner with Employer. The Regional Joint Venture Partners of Employer are invested stockholders who receive a substantial share of cash flow from all of the restaurants they oversee. At one time, Hood oversaw over fifty (50) restaurants across the Carolinas.

7. Hood met Sharen Robinson through his superior position with Employer. Hood acted as a mentor to Sharen Robinson in her early career with Employer, and she grew to view him as a fatherly figure through their work together. Hood retired from his active work with Employer approximately four (4) years ago, although, upon information and belief, he has still received distributions from Employer in retirement.

8. Since retirement, Hood corresponded by a text-messaging app, known as WhatsApp, with Sharen Robinson, and Hood would occasionally check in on business. From time to time Sharen shared pictures of her child or family with Hood, and Hood shared pictures of his grandchildren.

9. However, on many occasions in these text messages, Hood inquired about the specific details of Sharen and Doug's vacation plans. These inquiries seemed benign to Sharen at the time.

10.     Sharen and Doug have resided at their current address in Lexington, South Carolina for eleven (11) years. They have young children in their home. Sharen and Doug have never invited Hood to their home, and they have never provided Hood a key to their home.

11.     Nevertheless, on Doug and Sharen's first vacation following the installation of video surveillance on the outside of their home, Sharen and Doug received shocking video footage on their phones of Hood using a key to enter their home in broad daylight on July 18, 2019.

12.     The video footage shocked and horrified Sharen and Doug. While they were still trying to process what was happening, a second video came through on their phone showing Hood leaving the Robinsons' home from the front door approximately six (6) minutes later, with his hands shoved in his pockets.

13.     Sharen then called Hood to ask if he was in Lexington, and Hood denied being in Lexington. Sharen then pointedly asked Hood if he was at her home, and Hood denied going to her home. However, when Sharen informed Hood that she was watching video evidence of him burglarizing her home, he admitted to his behavior and asked her not to "ruin his life."

14.     Hood then texted Shared on July 18, 2019 and stated that what he had done was "wrong, sick, and inexcusable."

15.     On August 8, 2019, Hood wrote to Sharen and Doug stating that he "cannot justify or even explain what made me invade your privacy" and described his actions as "totally unacceptable and sick behavior."  He admitted that something is "wrong with me," that he requires "professional help," and that his sick behavior was a "black mark that will stick with me forever."

16.     Hood has a history of deviant behavior. For example, Hood had a lengthy, extra-marital affair with a much younger subordinate during his career with Employer. Also, Hood has maintained an illegally acquired copy of the key to the Robinsons' home for at least four (4) years.

ELECTRONICALLY FILED - 2019 Dec 10 11:07 AM - LEXINGTON - COMMON PLEAS - CASE#2019CP3204908

When the Mecklenburg police confronted Hood, he actually had the Robinsons' key on his own key chain.

17.   Knowledge of Hood's deviant history and significant resources, combined with the obvious implication of the many text messages over the years wherein Hood inquired into the details of the Robinsons' vacation plans, have magnified and amplified the emotional distress that the Robinsons are now suffering from Hood's burglary or history of burglaries.

18.   Sharen has been and continues to receive therapy and medical intervention to manage the stress and anxiety she now feels within and about her home, at her work, whenever she sees a white Land Rover vehicle similar to Hood's vehicle, and at all other times. Hood's burglary or history of burglaries is the central source of Sharen's ongoing mental distress.

19.   Likewise, Sharen has been subjected to significant discomfort in her workplace, as she has faced uncomfortable questions and has had her reputation drawn into doubt due to Hood's sickening actions.

20.   Likewise, Doug has suffered emotional distress from Hood's burglary or the history of burglaries of the Robinsons' home. Doug struggles with feelings of anger and guilt, as well as a feeling of chronic hyper-vigilance. Doug faces anxiety and distress each time he leaves his young family at home.

21.   The loss of the sense of security within their home and the ongoing emotional distress has placed a strain on Sharen and Doug's relationship, depriving each other of the consortium they experienced prior to discovering Hood's burglary or history of burglaries.

22.   As a result, Plaintiff's each have suffered actual damages that exceed $100,000.00.

**FOR A FIRST CAUSE OF ACTION**
**(WRONGFUL INTRUSION INTO PRIVATE AFFAIRS)**

23.   Each allegation above is re-alleged as if set forth verbatim herein.

5

24. On July 18, 2019, Hood used a key he had surreptitiously acquired for the Robinsons' private home, and he deliberately entered their home with knowledge that the Robinsons' were on vacation.

25. Hood's acts of burglarizing the Robinsons' home was both substantial and unreasonable, as he has acknowledged in two (2) writings.

26. Hood's actions have caused the Robinsons' actual damages, including out-of-pocket expenses, lost wages, medical bills, pharmacy bills, trauma, anxiety, and other substantial emotional distress.

27. As a result, each Plaintiff is entitled to an award of general and punitive damages.

### FOR A SECOND CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

28. Each allegation above is re-alleged as if set forth verbatim herein.

29. Hood's conduct of burglarizing the Robinsons' home was outrageous and exceeds all possible bounds of decency and cannot be tolerated in our civil society.

30. Hood knew – or he should have known had he not recklessly disregarded the fact – that his conduct of using a stolen key to enter the Robinson's home would result in severe emotional distress to the Robinsons.

31. Hood's actions have in fact caused the Robinsons' severe emotional distress that no man or woman should be expected to endure in our society.

32. As a result, each Plaintiff is entitled to an award of general and punitive damages.

### FOR A THIRD CAUSE OF ACTION
### (LOSS OF CONSORTIUM)

33. Each allegation above is re-alleged as if set forth verbatim herein.

34. As a result of Hood's wrongful intrusion and intentional infliction of emotional

ELECTRONICALLY FILED - 2019 Dec 10 11:07 AM - LEXINGTON - COMMON PLEAS - CASE#2019CP3204908

ELECTRONICALLY FILED - 2019 Dec 10 11:07 AM - LEXINGTON - COMMON PLEAS - CASE#2019CP3204908

distress, Hood has caused Sharen and Doug to each lose the services, society and companionship of one another as they attempt to recover to the violation of the sanctity of their home.

35. As a result, each Plaintiff is entitled to compensatory and punitive damages due to the loss of consortium caused by Hood.

**WHEREFORE**, Plaintiffs are entitled to and hereby demand a jury trial on all causes of action and respectfully prays that judgment be entered against Hood on all causes of action (either here or in any subsequently amended version of these pleadings) and that this court:

a. enter judgment against Hood for actual, general, and compensatory damages;

b. enter judgment against Hood for punitive damages;

c. award Plaintiffs their reasonable costs, including attorneys' fees where appropriate;

d. award Plaintiffs pre-judgment interest; and

e. grant Plaintiffs such other and further relief as it deems just and appropriate.

                      s/ Shaun C. Blake
Shaun C. Blake (SC Bar # 76349)
Jenkins M. Mann (SC Bar # 74894)
**ROGERS LEWIS JACKSON MANN & QUINN, LLC**
1901 Main St, Suite 1200
Columbia, SC 29201
Tel: (803) 256-1268
Fax: (803 252-3653
Email: sblake@rogerslewis.com
           jmann@rogerslewis.com

December 9, 2019                    **ATTORNEYS FOR PLAINTIFFS**

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF LEXINGTON<br><br>Sharen E. Robinson and Douglas R. Robinson,<br>　　　　　　　　　　　Plaintiffs,<br>v.<br><br>Dennis Lee Hood,<br>　　　　　　　　　　　Defendant. | IN THE COURT OF COMMON PLEAS<br>ELEVENTH JUDICIAL CIRCUIT<br><br>Civil Action No: 2019-CP-32-04908<br><br>**CERTIFICATE OF SERVICE** |

　　　　The undersigned, of the law office of Rogers Lewis Jackson Mann & Quinn, LLC, does certify that on **December 16, 2019**, she did cause to have served by U.S. Postal Service, Certified Mail, Return Receipt Requested the filed Summons & Complaint, Standard Interrogatories, Plaintiff's First Requests for Production, Douglas R. Robinson's First Requests for Admission, and Douglas R. Robinson's First Set of Interrogatories on Defendant Dennis Hood, to the following:

Dennis Lee Hood
156 Cherokee Road
Charlotte, NC 28207


December 16, 2019　　　　　　　　　　　　　Chris Robertson, Paralegal
Columbia, SC　　　　　　　　　　　　　　　　Rogers Lewis Jackson Mann & Quinn, LLC

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Dennis Lee Hood
   156 Cherokee Rd
   Charlotte, NC 28207

   9590 9402 4874 9032 2140 13

2. Article Number (Transfer from service label)

   7019 0160 0000 7671 3352

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X [signature]   ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery
   Dennis L. Hood                    12·25·19

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☑ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☒ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   Insured Mail Restricted Delivery (over $500)

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☒ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

Sharen E. Robinson and Douglas R. Robinson v Dennis Lee Hood
Case No. 2019CP3204908

---

USPS TRACKING #

9590 9402 4874 9032 2140 13

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

- Sender: Please print your name, address, and ZIP+4® in this box•

  Rogers Lewis
  P.O. Box 11803
  Columbia, SC 29211

Dennis Hood

ELECTRONICALLY FILED - 2019 Dec 31 9:59 AM - LEXINGTON - COMMON PLEAS - CASE#2019CP3204908

ELECTRONICALLY FILED - 2019 Dec 31 12:02 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3204908

| **Certificate of Electronic Notification** |
|---|

| **Recipients** |
|---|
| **Jenkins Mann**  - Notification transmitted on 12-31-2019 12:00:01 PM. |
| **Shaun Blake**  - Notification transmitted on 12-31-2019 12:00:01 PM. |

ELECTRONICALLY FILED - 2019 Dec 31 12:02 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3204908

## ****** IMPORTANT NOTICE - READ THIS INFORMATION *****
## NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2019CP3204908

| | |
|---|---|
| **Official File Stamp:** | 12-31-2019 11:59:51 AM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Lexington |
| **Case Caption:** | Sharen E Robinson , plaintiff, et al VS Dennis Lee Hood |
| **Document(s) Submitted:** | Service/Certificate Of Service |
| **Filed by or on behalf of:** | Shaun C. Blake |

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

> Jenkins McMillan Mann for Sharen E Robinson et al
>
> Shaun C. Blake for Sharen E Robinson et al

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

> Dennis Lee Hood