UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
Civil Action No. 3:20-cv-00151-SAL

| | |
|---|---|
| SHAREN E. ROBINSON and DOUGLAS R. ROBINSON, </br></br> Plaintiffs, </br></br> v. </br></br> DENNIS LEE HOOD, </br></br> Defendant. | **DENNIS HOOD'S ANSWER** |

Defendant Dennis L. Hood ("Mr. Hood") hereby responds to the Complaint of Plaintiffs Sharen E. Robinson and Douglas R. Robinson ("Plaintiffs") as follows:

**JURISDICTION AND VENUE**

1. Admitted.

2. With respect to the allegations in paragraph 2, Mr. Hood admits he is 72 years old and a citizen and resident of North Carolina, though he also owns a home in Beaufort County, South Carolina. Mr. Hood further admits that paragraph 2 gratuitously includes his picture for no necessary reason or purpose. Except as admitted, the allegations in paragraph 2 are denied.

3. The allegations in paragraph 3 contain a legal conclusion to which no response is required. To the extent a response is deemed necessary, Mr. Hood admits this matter has been properly removed to this Court such that this Court has proper subject-matter jurisdiction over the claims in this lawsuit under 28 U.S.C. § 1332(a). Except as admitted, Mr. Hood denies the allegations in paragraph 3.

4. The allegations in paragraph 4 contain a legal conclusion to which no response is required. To the extent a response is deemed required, Mr. Hood admits that venue in this Court is proper. Except as admitted, Mr. Hood denies the allegations in paragraph 4.

5. With respect to the allegations in paragraph 5, Mr. Hood admits upon information and belief that Sharen Robinson is an employee of a company with numerous restaurant locations. Mr. Hood lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 5, and therefore denies the same.

6. With respect to the allegations in paragraph 6, Mr. Hood admits he was a Regional Joint Venture Partner with affiliates of Employer and admits that Regional Joint Venture Partners are limited partners who receive a share of cash flow from the restaurants they oversee. Mr. Hood further admits that at one time, he oversaw over 50 restaurants in the Carolinas, but at the time of the allegations contained herein, he only retained an interest in 11 restaurants. Except as expressly admitted, the allegations in paragraph 6 are denied.

7. With respect to the allegations in paragraph 7, Mr. Hood admits he previously worked with Sharen Robinson and she acknowledged and thanked him for his mentorship and support of her career. Mr. Hood further admits he retired in 2015 and has received certain distributions in accordance with his agreements with affiliates of Employer. Except as expressly admitted, the allegations in paragraph 7 are denied.

8. With respect to the allegations in paragraph 8, Mr. Hood admits he and Sharen Robinson occasionally corresponded with each other via text message using WhatsApp, which texts were in writing and speak for themselves.

9. With respect to the allegations in paragraph 9, Mr. Hood admits he and Sharen Robinson occasionally corresponded with each other via text message using WhatsApp, which

texts are in writing and speak for themselves. Mr. Hood further admits that because of those text messages, he knew Plaintiffs would be out of town and not present at their house on July 18, 2019.

10. With respect to the allegations in paragraph 10, Mr. Hood admits upon information and belief that Plaintiffs have resided in their house for a number of years, that they have children, and that they have never invited Mr. Hood to their house. Mr. Hood cannot recall how he came into possession of a key to Plaintiffs' house. Except as admitted, the allegations in paragraph 10 are denied.

11. Mr. Hood admits he used a key to enter Plaintiffs' house during the day on July 18, 2019 when he knew no one would be present at the house. Mr. Hood further admits he had no knowledge that Plaintiffs' house had any video surveillance. Mr. Hood lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 11, and therefore denies the same.

12. Mr. Hood admits he left Plaintiffs' house approximately six minutes after entering. Mr. Hood did not take anything from Plaintiffs' house. Mr. Hood lacks sufficient information to form a basis for the truth in the remaining allegations in paragraph 12, and therefore denies the same.

13. Mr. Hood admits to conversing with Sharen Robinson on July 18, 2019 via telephone, whereby he admitted to entering Plaintiffs' house and apologized profusely for doing so. Mr. Hood admits he was embarrassed and mortified by his decision to enter Plaintiffs' house. Except as expressly admitted, Mr. Hood denies the allegations in paragraph 13.

14. With respect to the allegations in paragraph 14, Mr. Hood admits he texted Sharen Robinson on July 18, 2019 which text is in writing and speaks for itself.

15. With respect to the allegations in paragraph 15, Mr. Hood admits he wrote an apology letter to Plaintiffs on or about August 8, 2019 which letter is in writing. Mr. Hood admits he was embarrassed and mortified by his decision to enter Plaintiffs' house and regrets his poor judgment.

16. Mr. Hood denies the allegations in paragraph 16 and further objects to them as improper, irrelevant, and either false or a mischaracterization of the truth.

17. With respect to the allegations in paragraph 17, Mr. Hood specifically denies he committed any burglary, let alone a "history of burglaries." Mr. Hood pled guilty to misdemeanor trespassing for the July 18, 2019 incident which was the only time he ever entered Plaintiffs' house. Mr. Hood lacks sufficient information or knowledge to form a basis for the truth of the remaining allegations in paragraph 17, and therefore denies the same.

18. With respect to the allegations in paragraph 18, Mr. Hood specifically denies he committed any burglary, let alone a "history of burglaries." Mr. Hood pled guilty to misdemeanor trespassing for the July 18, 2019 incident which was the only time he ever entered Plaintiffs' house. Mr. Hood lacks sufficient information or knowledge to form a basis for the truth of the remaining allegations in paragraph 18, and therefore denies the same.

19. With respect to the allegations in paragraph 19, Mr. Hood denies his actions were "sickening." Mr. Hood lacks sufficient information or knowledge to form a basis for the truth of the remaining allegations in paragraph 19, and therefore denies the same.

20. With respect to the allegations in paragraph 20, Mr. Hood specifically denies he committed any burglary, let alone a "history of burglaries." Mr. Hood pled guilty to misdemeanor trespassing for the July 18, 2019 incident which was the only time he ever entered Plaintiffs' house.

Mr. Hood lacks sufficient information or knowledge to form a basis for the truth of the remaining allegations in paragraph 20, and therefore denies the same.

21. With respect to the allegations in paragraph 21, Mr. Hood specifically denies he committed any burglary, let alone a "history of burglaries." Mr. Hood pled guilty to misdemeanor trespassing for the July 18, 2019 incident which was the only time he ever entered Plaintiffs' house. Mr. Hood lacks sufficient information or knowledge to form a basis for the truth of the remaining allegations in paragraph 21, and therefore denies the same.

22. Denied.

## FIRST CAUSE OF ACTION
### (WRONGFUL INTRUSION INTO PRIVATE AFFAIRS)

23. Mr. Hood incorporates by reference the answers in paragraphs 1–22 as if fully repeated here.

24. With respect to the allegations in paragraph 24, Mr. Hood admits he used a key to enter Plaintiffs' house on July 18, 2019 with knowledge that no one was present in the house. Except as expressly admitted, Mr. Hood denies the allegations in paragraph 24.

25. Denied.

26. Denied.

27. Denied.

## SECOND CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

28. Mr. Hood incorporates by reference the answers in paragraphs 1–27 as if fully repeated here.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

### THIRD CAUSE OF ACTION
### (LOSS OF CONSORTIUM)

33. Mr. Hood incorporates by reference the answers in paragraphs 1–32 as if fully repeated here.

34. Denied.

35. Denied.

Mr. Hood denies all aspects of the WHEREFORE clause in Plaintiffs' Prayer for Relief.

### AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and without assuming any burden of pleading, proof or persuasion otherwise resting on Plaintiffs or conceding that any of the following necessarily must be pleaded as an affirmative defense, Mr. Hood asserts the following affirmative and other defenses:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted and therefore should be dismissed pursuant to Fed. R. Civ. P. 12(b).

### SECOND DEFENSE

Plaintiffs' claims are barred because no action, omission or conduct by Mr. Hood has directly or proximately caused damage to Plaintiffs.

### THIRD DEFENSE

Plaintiffs are unable to prove the requisite elements and damages to support a claim for intentional infliction of emotional distress and loss of consortium.

**FOURTH DEFENSE**

Mr. Hood lacked the requisite scienter for Plaintiffs to support a claim for intentional infliction of emotional distress and punitive damages.

**FIFTH DEFENSE**

Plaintiffs are unable to meet their burden of proof on all claims, and in particular, the heightened burden of proof for intentional infliction of emotional distress and punitive damages.

**SIXTH DEFENSE**

Mr. Hood's alleged actions do not entitle Plaintiffs to recover punitive damages. In the alternative, Mr. Hood specifically invokes the bifurcation procedure and limitations on punitive damages set forth in S.C. Code Ann. § 15-32-520 and § 15-32-530.

**SEVENTH DEFENSE**

Mr. Hood reserves the right to amend his Answer to add any additional affirmative defenses or other defenses as additional information is obtained.

**WHEREFORE**, Mr. Hood respectfully prays the Court enter judgment as follows:

a. Plaintiffs' claims be dismissed with prejudice;

b. Plaintiffs are not entitled to compensatory or punitive damages;

c. Plaintiffs are not entitled to an award of costs and attorneys' fees;

d. Plaintiffs are not entitled to pre-judgment interest; and

e. the Court grant Mr. Hood such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 12th day of February, 2020.

                */s/ Jonathan E. Schulz*
                Jonathan E. Schulz (Fed. I.D. No. 12027)
                Bradley Arant Boult Cummings LLP
                214 North Tryon Street, Suite 3700
                Charlotte, NC 28202
                Telephone: (704) 338-6000
                Facsimile: (704) 332-8858
                jschulz@bradley.com

                *Attorneys for Defendant Dennis L. Hood*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of February, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will serve all counsel of record as follows:

Shaun C. Blake
Jenkins M. Mann
Rogers Lewis Jackson Mann & Quinn, LLC
1901 Main St., Suite 1200
Columbia, SC 29201

*Attorneys for Plaintiffs Sharen
and Douglas Robinson*

                                                  */s/ Jonathan E. Schulz*
                                                  Jonathan E. Schulz