# EXHIBIT
# F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
Civil Action No. 3:20-cv-00151-SAL

| | |
|---|---|
| SHAREN E. ROBINSON and DOUGLAS R. ROBINSON,<br><br>    Plaintiffs,<br><br>v.<br><br>DENNIS LEE HOOD,<br><br>    Defendant. | **AFFIDAVIT OF CYNTHIA REID, LEGAL ASSISTANT, MECKLENBURG COUNTY SHERIFF'S OFFICE, CHARLOTTE, N.C.** |

I, CYNTHIA REID, being duly sworn, state as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this Affidavit, and personally acquainted with the facts herein stated. I am employed as a Legal Assistant in the Legal Department of the Mecklenburg County Sheriff's Office ("Sheriff's Office"). The Sheriff's Office has no law enforcement jurisdiction outside of Mecklenburg County, North Carolina and therefore would have no information and no reason to have any information regarding an unlawful entry of any residence in Columbia, South Carolina.

After exerting reasonable efforts, and contacting people in the Sheriff's Office who maintain various types of records for the Sheriff's Office, and as stated in my email to Mr. Jonathan Schultz dated June 9, 2020, a copy of which is attached hereto and incorporated herein as <u>Exhibit 1</u>, the Sheriff's Office did not find any documents or stored records that are responsive to the subpoena requests it received on or about June 9, 2020 in the above matter. A copy of this subpoena is attached hereto and incorporated herein as <u>Exhibit 2</u>. I suggested to Mr. Schultz that he also check with the Charlotte Mecklenburg Police Department for any such records. I have no knowledge of whether or not Mr. Schultz followed through with my suggestion. I have examined and attest that nothing has been removed or deleted from the attached copies of the original documents referenced herein as <u>Exhibits 1 and 2</u>.

_____
Cynthia Reid, AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME
this the 14 day of September 2020.

_____
Notary Public

My Commission Expires: My Commission Expires October 7, 2024

**Jonathan E. Schulz**
Attorney
jschulz@bradley.com
704.338.6127 direct





May 28, 2020

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Mecklenburg County Sheriff's Office
Attn: Ms. Marilyn Porter – General Counsel
700 East 4th Street
Charlotte, NC 28202

Re: *Robinson v. Hood* (3:20-cv-00151-SAL)
(pending in the United States District Court for the District of South Carolina)

Dear Ms. Porter:

Enclosed for service on the Mecklenburg County Sheriff's Office, please find a subpoena duces tecum in connection with the above-referenced matter.

Given remote working conditions, as a courtesy to both parties, we would be happy to receive responsive documents electronically via email at jschulz@bradley.com. If the volume of documents is greater than can be sent by email, I am also happy to email you a SafeShare link for file transfer.

Should you have any questions or concerns, please do not hesitate to contact me.

Regards,

Jonathan E. Schulz

Enclosure

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| Sharen E. Robinson and Douglas R. Robinson | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:20-cv-00151-SAL |
| | ) |
| Dennis Lee Hood | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Mecklenburg County Sheriff's Office, Attn: Ms. Marilyn Porter--General Counsel
700 East 4th Street, Charlotte, NC 28202

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Bradley Arant Boult Cummings - Attn: Jonathan Schulz<br>214 North Tryon Street, Suite 3700<br>Charlotte, NC 28202 | Date and Time:<br><br>06/29/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/28/2020

_____     OR     *[signature]*
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Dennis Lee Hood _____ , who issues or requests this subpoena, are:

Jonathan Schulz, 214 North Tryon St., Ste. 3700, Charlotte, NC 28202 (jschulz@bradley.com) (704-338-6127)

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00151-SAL

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## Definitions

1. **"Mr. Hood"** refers to Dennis Lee Hood.

2. **"Mr. Robinson"** refers to Douglas R. Robinson, husband of Mrs. Robinson.

3. **"Mrs. Robinson"** refers to Sharen E. Robinson, wife of Mr. Robinson.

4. **"Communications"** refers to any oral or written statement, any in-person, electronic or telephonic communication between two or more persons (including, but not limited to, e-mail or text/instant messages), and any analysis, summary, note, comment, or other description of a communication or conversation, regardless of its form.

5. **"Document(s)"** is used in the broadest sense and includes, but is not limited to, the following items, whether printed or recorded or reproduced by any other mechanical or electronic process or writing (specifically including ESI as defined below), or produced by hand, namely: agreements; communications, including intra-company communications; correspondence; telegrams; memoranda; records; books; summaries of records of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants' work papers; e-mails, attachments, and e-mail meta-data (active or archived); text or instant messages (active or archived); graphs; charts; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; notes; projections; drafts of any documents; working papers; securities ledgers; checks, front and back; check stubs or receipts; any other documents or writings of whatever description, including but not limited to, any electronically-stored information contained in any computer or electronic mail system regardless of whether yet printed out or that is active or archived, that are within your possession, custody or control or the possession, custody or control of any employee, agent (including without limitation, attorneys, accountants, and investment bankers and advisers), or other person acting or purporting to act on your behalf or that you have a right to obtain by contract or otherwise.

6. **"Electronically Stored Information"** or **"ESI"** means all electronically stored information of any kind and is defined in the broadest possible sense including, but not limited to: e-mail and attachments; word processing documents; spreadsheets; graphics and presentation documents; images; test files; hard drives; databases; instant messages; transaction logs; text messages; websites; all backup materials; and all drafts, alterations, modifications, changes, and amendments of any of the foregoing. All ESI should be produced in native format.

1

## Documents Requested

1. All Documents and Communications that refer to or relate to Mr. Hood, whether directly or indirectly, from July 18, 2019 to present.

2. All Documents and Communications that refer to or relate to an unauthorized entry at Mr. Robinson and Mrs. Robinson's former home (140 Sandstone Road, Columbia, SC 29212).

3. All Communications from July 18, 2019 to present to or from representatives of the Lexington County Sheriff's Office relating to Mr. Hood, whether directly or indirectly.

4. All Documents and Communications involving or referring to Mrs. Robinson or Mr. Robinson from July 18, 2019 to present.

5. All Documents and Communications involving or referring to Shaun Blake, Jenkins Mann, Wes Jackson, Donna Croft, or anyone else employed by the Rogers Lewis law firm in Columbia, SC from July 18, 2019 to present.

6. All Documents and Communications involving or referring to Mr. Hood in connection with an investigation into a "peeping tom" incident in the Myers Park neighborhood of Charlotte, NC (if any).

**Reid, Cynthia D.**



| | |
|---|---|
| **From:** | Microsoft Outlook |
| **To:** | Schulz, Jonathan |
| **Sent:** | Thursday, June 4, 2020 11:16 AM |
| **Subject:** | Relayed: Subpoena re Robinson v. Hood |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

Schulz, Jonathan (jschulz@bradley.com)

Subject: Subpoena re Robinson v. Hood

# Reid, Cynthia D.

**To:** Schulz, Jonathan
**Cc:** Porter, Marilyn
**Subject:** Subpoena re Robinson v. Hood

Mr. Schultz,

It was very nice to speak with you yesterday and per our conversation, this is our formal reply to your subpoena.

1. All documents and communications that refer to or relate to Mr. Hood, whether directly or indirectly, from July 18, 2019 to present.
   <u>Answer</u>: The Mecklenburg County Sheriff's Office (MCSO) has no information for Dennis Lee Hood (defendant) as an arrestee or inmate/resident on or about July 18, 2019 or at any other time. MCSO is not a criminal investigations law enforcement agency. The primary law enforcement agency for Charlotte/Mecklenburg is the Charlotte/Mecklenburg Police Department.

2. All documents and communications that refer to or relate to an unauthorized entry at Mr. and Mrs. Robinson's former home (140 Sandstone Road, Columbia, SC 29212.
   <u>Answer</u>: MCSO's jurisdiction is solely within the boundaries of Mecklenburg County, NC. MCSO has no knowledge of any criminal or alleged criminal activity occurring outside of our listed jurisdiction. MCSO is not a criminal investigations law enforcement agency. The primary law enforcement agency for Charlotte/Mecklenburg is the Charlotte/Mecklenburg Police Department.

3. All communications from July 18, 2019 to present, to or from representatives of the Lexington County Sheriff's Office relating to Mr. Hood, whether directly or indirectly.
   <u>Answer</u>: MCSO's jurisdiction is solely within the boundaries of Mecklenburg County, NC. MCSO has no knowledge of any communication any other law enforcement agency may or may not have related with any alleged complainant, suspect, defendant, arrestee or individual. MCSO is not a criminal investigations law enforcement agency. The primary law enforcement agency for Charlotte/Mecklenburg is the Charlotte/Mecklenburg Police Department.

4. All documents and communications involving or referring to Mr. or Mrs. Robinson from July 18, 2019 to present.
   <u>Answer</u>: MCSO has no information on either Mr. or Mrs. Robinson (plaintiffs) as an arrestee or inmate/resident on or about July 18, 2019 or at any other time. MCSO's jurisdiction is solely within the boundaries of Mecklenburg County, NC. MCSO has no knowledge of any communication or information either directly or indirectly with any other law enforcement agency that may or may not have occurred with any alleged complainant, suspect, defendant, arrestee or individual. MCSO is not a criminal investigations law enforcement agency. The primary law enforcement agency for Charlotte/Mecklenburg is the Charlotte/Mecklenburg Police Department.

5. All documents and communications involving or referring to Shaun Blake, Jenkins Mann, Wes Jackson, Donna Croft or anyone else employed by the Roberts Lewis law firm in Columbia, SC from July 18, 2019 to present.
   <u>Answer</u>: MCSO has no known information, communications or documents either directly or indirectly at any time with any individual associated with Roberts Lewis Law Firm, Columbia, SC. MCSO is not a criminal investigations law enforcement agency. The primary law enforcement agency for Charlotte/Mecklenburg is the Charlotte/Mecklenburg Police Department.

6. All documents and communications involving or referring to Mr. Hood in connection with an investigation into a "peeping tom" incident in the Myers Park neighborhood of Charlotte, NC (if any).

<u>Answer</u>: MCSO has no known information or communication involving or referring to Mr. Hood in connections with any investigation at any time. MCSO is not a criminal investigations law enforcement agency. The primary law enforcement agency for Charlotte/Mecklenburg is the Charlotte/Mecklenburg Police Department.

Please call me if you have any additional questions,

Sincerely,

Cindy Reid
NCCP 6932
Legal Assistant
Mecklenburg County Sheriff's Office
801 E. 4th Street
Charlotte, NC 28202